**Harmandeep SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–72498.

United States Court of Appeals, Ninth Circuit.

courts of this circuit except as provided by 9th Cir. R. 36–3.

Submitted Sept. 12, 2005.*

Decided Sept. 23, 2005.

Hector M. Roman, Jackson Heights, NY, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Blair T. O'Connor, Esq., Washington, DC, for Respondent.

Before: REINHARDT, RYMER, and HAWKINS, Circuit Judges.

MEMORANDUM **

Harmandeep Singh, a native and citizen of India, petitions for review of an order of the Board of Immigration Appeals summarily affirming without opinion an immigration judge's denial of his application for asylum, withholding of removal, and protection under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252. Reviewing for substantial evidence, *see Gui v. INS,* 280 F.3d 1217, 1225 (9th Cir.2002), we grant the petition for review and remand.

■ The immigration judge denied relief on the basis of his finding that Singh's

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

testimony was not credible. The primary explanation given for the immigration judge's adverse credibility determination was that it was "inherently implausible" that someone would return to India after spending six months in the United States if he had previously been tortured by Indian police officers. This assertion is speculative and therefore cannot form the basis of an adverse credibility finding. *See Shah v. INS,* 220 F.3d 1062, 1071 (9th Cir.2000) ("Speculation and conjecture cannot form the basis of an adverse credibility finding, which must instead be based on substantial evidence."); *see also Paramasamy v. Ashcroft,* 295 F.3d 1047, 1052 (9th Cir.2002) (explaining that immigration judge's own hypothesis about how a persecuted person might behave may not substitute for the evidence in the record).

■ The immigration judge also noted some discrepancy in the record regarding the amount of the bribe that Singh's father paid to Indian officials after the second of Singh's three detentions. We conclude that the discrepancy is a minor inconsistency in the record that does not go to the heart of the applicant's asylum claim, and is insufficient to support an adverse credibility finding. *See Mendoza Manimbao v. Ashcroft,* 329 F.3d 655, 660 (9th Cir.2003).

Accordingly, we grant the petition for review and remand to the agency for a determination of whether Singh is eligible for asylum, withholding of removal, and protection under the Convention Against Torture. *See INS v. Ventura,* 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

### GRANTED and REMANDED.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Judge Rymer dissents.